UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WATT, TIEDER, KILLIAN  AND HOFFAR,
a Virginia general partnership,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 98-2647

TOM SHAW, INCORPORATED; THOMAS
SHAW,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-89-1370-A)

Submitted: January 27, 2000

Decided: March 1, 2000

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

LeRoy Kramer, III, Harbor Springs, Michigan, for Appellants. Robert
G. Watt, WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.,
McLean, Virginia; Robert L. Ellis, SICILIANO, ELLIS, DYER &
BOCCAROSSE, Fairfax, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tom Shaw, Incorporated, and Thomas Shaw (collectively "TSI"), appeal a district court order granting Watt, Tieder, Killian and Hoffar's ("Watt Tieder") motion for judgment as a matter of law under Rule 52(c) of the Federal Rules of Civil Procedure. On appeal, TSI contends that the district court's factual findings were clearly erroneous and reflective of a total misapprehension of the evidence. Finding no reversible error, we affirm.

In 1989, Watt Tieder, a law firm, commenced an action against TSI for unpaid attorney fees relating to legal work Watt Tieder had performed for TSI. TSI filed an eight-count counterclaim for malpractice, breach of contract, and disgorgement of fees, and seeking damages. After hearing evidence solely relating to TSI's counterclaim, the district court granted Watt Tieder's motion for judgment as a matter of law.*

We review the district court's findings of fact in support of its order granting a Rule 52(c) motion under the clearly erroneous standard. See Carter v. Ball, 33 F.3d 450, 457 (4th Cir. 1994). A trial court's findings of fact are entitled to "great weight," and will only be disturbed if "`the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Friend v. Leidinger, 588 F.2d 61, 64 (4th Cir. 1978) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1947)). Upon our review of the evidence, we do not find that the district court committed a mistake.

_____

*In granting the Rule 52(c) motion, the district court found that Watt Tieder informed TSI of the legal significance of a critical portion of its contract with the United States Corps of Engineers. The district court also found that TSI was not damaged by the improprieties allegedly arising out of Watt Tieder's conduct.

2

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3